UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 0:22-cv-60851

ERNEST DORCINE,

    Plaintiff,

vs.

POINT OF AMERICAS PHASE I, INC. and POINT OF
AMERICAS CONDOMINIUM APARTMENTS
PHASE II, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, ERNEST DORCINE, by and through her undersigned counsel, and sues the Defendants, and POINT OF AMERICAS PHASE I, INC. ("POA I") and POINT OF AMERICAS CONDOMINIUM APARTMENTS PHASE II, INC. ("POA II"), and alleges as follows:

### INTRODUCTION

1.    This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### JURISDICTION AND VENUE

2.    The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### PARTIES

3.    At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendants.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendants were Florida Corporations doing business and services in this judicial district, was the joint employer of the Plaintiff, and is an employer as defined by the FMLA.

6. Specifically, the Defendants employed Plaintiff jointly since April 2007.

7. From Defendants, own website, www.point-of-americas.com, "The POINT OF AMERICAS Condominium complex includes ten-acres and **two building towers** located directly on the nicest private beach in Fort Lauderdale, Florida." (emphasis added).

8. During Plaintiff's employment, he was paid directly from POA II, but performed services for both towers.

9. The Defendants share a security company, for which both POA I and POA II employees would work together on painting and upkeep of the gate.

10. There were numerous annual parties for both towers that took place at one tower.

11. The residents of one tower had access to the amenities of the other tower.

12. There were multiple employees who were transferred back and forth between the towers for employment as transfers, as opposed to new hires.

13. The towers would exchange Christmas lights, which Plaintiff would help put up on the respective other tower.

14. Plaintiff even performed drywall on POA I.

15. Defendants were joint employers, and combined for over 50 employees, qualifying Defendants as an employer under the FMLA.

## STATEMENT OF FACTS

16. In January of 2020, Plaintiff found out that his mother was very ill and diagnosed with colon cancer.

17. Plaintiff needed to travel with his mother to Haiti and Plaintiff requested 10 days off to be with her, also providing a doctors note.

18. Plaintiff was not provided any FMLA paperwork, and when he returned from his leave, the assistant manager, Kristen, terminated Plaintiff, saying "this is Florida, we can terminate for anything."

## COUNT I – FMLA INTERFERENCE

19. The Plaintiff incorporates by reference paragraphs 1-18 herein.

20. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

21. The Defendants unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing provide FMLA paperwork or reinstate his position, or equivalent thereto, upon his return from FMLA leave.

22. As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

23. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, ERNEST DORCINE, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA, in addition to all litigation

expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II – FMLA RETALIATION

24. The Plaintiff incorporates by reference paragraphs 1-18 herein.

25. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

26. As a result of this exercise of the FMLA, the Defendants intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

27. That the Defendants' decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

28. As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

29. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, ERNEST DORCINE, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: July 6, 2022.                    Respectfully submitted,

                                                  Law Offices of Levy & Levy, P.A.
                                                1000 Sawgrass Corporate Parkway, Suite 588
                                                Sunrise, Florida  33323
                                                Telephone: (954) 763-5722
                                                Facsimile: (954) 763-5723
                                                *Counsel for Plaintiff*

                                                */s/ Chad Levy*
                                                CHAD E. LEVY, ESQ.
                                                chad@levylevylaw.com
                                                Secondary: assistant@levylevylaw.com
                                                F.B.N.: 0851701
                                                DAVID M. COZAD, ESQ.
                                                david@levylevylaw.com
                                                F.B.N.: 333920


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                */s/ Chad Levy*
                                                CHAD E. LEVY, ESQ.

## **SERVICE LIST**

Jamie B. Dokovna, Esq.
Becker & Poliakoff, P.A
625 N. Flagler Drive, 7th Floor
West Palm Beach, FL 33401
Telephone: (561) 820-2890 / Facsimile: (561) 832-8987
Primary: jdokovna@beckerlawyers.com
Secondary: nportuondo@beckerlawyers.com
Secondary: bmichenfelder@beckerlawyers.com